June 21st, 1907.

———O———

## No. 4218.

(Court of Appeal, Parish of Orleans.)

CORSICANA EQUIPMENT CO. vs. BACHER BROS.

Questions of fact only are involved herein.

Appeal from Civil District Court, Division "D."

H. G. Stewart & Lyle Saxon, for Plaintiff and Appellee.

Chas. Rosen, for Defendant and Appellant.

MOORE, J. Plaintiff sues for the contract price of a fuel oil equipment which it was to install in defendant's bakery. The petition alleges that whilst petitioner was progressing with the work and before it was completed and within the delay in which the work was to be finished and turned over to defendant, the latter, without legal cause, ordered petitioner to discontinue the work then in course of completion and to remove all the machinery and other appliances then installed out of said defendant's bakery; refusing to allow petitioner to complete the work and declining to pay for same. The answer admits the contract, avers that the installation had been fully completed and turned over, but that forasmuch as the contract specially stipulated that the outfit was to be free from puffing or explosion and as the outfit, when turned over to defendants and operated by them did not come up to the said guarantee, but, on the contrary, when defendants attempted to light same, a violent puffing and explosion took place, which injured both eyes of

one of the defendants who was attempting to operate the equipment; that as the said equipment is not according to the contract they should not be compelled to receive and pay for same. There was judgment in favor of the plaintiff as prayed for and defendants appeal. The issue involved is exclusively of fact. The contract stipulates that the plaintiff "guarantee no trouble to light burners, no puffing or explosions from *same when in commission,*" and the evidence conclusively establishes the fact that the installation was not in commission, that is to say it was not completed, and had no t yet been turned over and delivered to defendants and that defendants were permitted to operate the outfit in its incomplete condition at their own request and as a matter of accommodation to them and upon the assertion of one of the defendants that he knew all about oil burners and could safely operate same on the occasion when he undertook to do so. It had been operated by the plaintiff, at its own expense though in its unfinished condition, for several nights and worked satisfactorily. On the night when the puffing occurred and one of the defendants was injured thereby, the plaintiff's engineer had operated it until about 10 o'clock p. m. Upon the assurance of one of the plaintiffs that he, the latter, knew all about oil burners and that he could safely operate it for the balance of the night, and after he was fu lly instructed in its use and cautioned that the oil which defendant was then using was old and dirty, and that extra precaution was necessary, he, the defendant, took charge, and plaintiff's engineer retired. It appears, however, that the defendant did not continue the task he had assumed, but in turn he transferred it to another, who is not shown to know anything about the operation of oil burners, and then the defendant retired to bed. About 3 or 4 o'clock in the morning he was called up by the man he had left in charge and informed that the burner had gone out and that he could not relight it. In a dazed and half-awakened condition as he admits, the defendant went to the burner and attempted to start it. What he did it is difficult to gather from his testimony, but after working at it some time he, as he says, "foolishly" stooped down and looked into the "peep holes" when the burner started, and as the "peep holes" had not yet been finished with mica, which is intended to serve as a protection against the escape of the

flame, the flame flashed out and burnt him. It is overwhelmingly shown that this was through no fault of the machine, but was due entirely to the handling of it by Wm. Backer, the defendant who was injured.

The defendants' employees then protested against the use of any oil burners and the defendants themselves became frightened. There is enough in the testimony of the defendants themselves to indicate that the protest of their employes and their on fright influenced their refusal to allow the work to go on to completion and be subjected to the test stipulated for in the contract; and that it was not because there had been any breach of the guarantee, as there could not have been as the work, as stated, was not completed and turned over.

There is no error in the judgment appealed from and it is affirmed.